**UNITED STATES of America, Plaintiff,**

v.

**Ritchardas VASILIAVITCHIOUS, Defendant.**

**No. 94 CR 746.**

United States District Court, N.D. Illinois, Eastern Division.

May 8, 1996.

Jeffrey Urdangen, Chicago, IL, Sheldon M. Sorosky, Kaplan & Sorosky, Chicago, IL, for Ritchardas Vasiliavitchious.

Gregory T. Mitchell, United States Attorney's Office, Chicago, IL, for U.S.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Ritchardas Vasiliavitchious seeks to have this Court reconsider its February 13, 1996 order denying his motion to quash his arrest and to suppress his statements.

In the February 13 order, I found there was probable cause to arrest. I found it was reasonable for the officers to believe that Vasiliavitchious was involved in exporting stolen vehicles based on the fact that he was observed escorting two vehicles into a storage unit and later gave what appeared to be money and keys to a co-conspirator at a location found to be the originating point for the exportation of stolen vehicles from the United States. *United States v. Vasiliavitchious*, 919 F.Supp. 1113, 1116 (N.D.Ill.1996).

█ Vasiliavitchious argues that this finding was based on a misstatement of the record. He claims that evidence at the hearing established that the surveillance agents were not able to identify the persons who delivered the stolen vehicles to the storage facility. Thus, the finding of probable cause was based solely upon the one time he was observed at the storage facility when he handed currency and keys to his co-conspirator, not enough for a reasonable officer to believe he had committed a crime.

Vasiliavitchious is correct that at the time he was observed escorting the cars into the storage unit the agents did not actually know his name. However, the agents did give a physical description of him. The agents described the person escorting the vehicles as a man approximately six feet tall, 225 pounds, dark hair, large build and the driver of the red Chevrolet Caprice. The man described was seen again at the facility handing currency and keys to the man identified as Vasiliavitchious' co-conspirator. On this second appearance at the storage facility, the agents were able to identify Vasiliavitchious as matching the physical description previously given. The agents then reviewed a photograph of Vasiliavitchious and saw that it matched the physical description given upon his first appearance at the facility as well as the man the agents identified at the facility the second time.

The fact that Vasiliavitchious was not actually identified by name when he was seen escorting the vehicles to the storage facility on the first occasion does not change the probable cause determination. The physical description from that night assisted in identifying Vasiliavitchious and provided sufficient evidence for the officers to conclude that he was observed at the storage facility on two occasions in connection with the stolen vehicles. *U.S. v. Evans*, 27 F.3d 1219, 1228 (7th Cir.1994).

Vasiliavitchious makes much of the fact that the government did not produce as witnesses the agents who observed Vasiliavitchious delivering the stolen vehicles to the storage facility. He asserts that a party's failure to call a particular witness may support an inference, instruction, or argument from the opposing party, that the witness' testimony would not have been favorable if the absent witness was peculiarly within the other parties' power to produce and the testimony of the absent witness would elucidate issues in the case. *United States v. Dahdah*, 864 F.2d 55, 60 (7th Cir.1988). While it is probably true that the government had the power to produce the two surveillance agents present at the facility that night, it is probably not true that they would have elucidated issues in the case. I have accepted that Vasiliavitchious was not identified that night, but rather only a physical description was given of him. This change does not alter the probable cause determination.

█ Vasiliavitchious also challenges this Court's determination that he understood the substance and meaning of the *Miranda* warnings when given to him. It is true that Vasiliavitchious offered the testimony of Attorney Sheldon Sorosky in addition to the testimony of Vasiliavitchious' fiance regarding his ability to understand the *Miranda* warnings. Sorosky, who knew Vasiliavitchious for three years and had previously represented him in connection with two misdemeanor offenses, testified that he did not

believe Vasiliavitchious could understand the meaning of the *Miranda* warnings.

I still find that Vasiliavitchious was able to understand the substance and meaning of the *Miranda* warnings when given to him. The testimony of this additional witness, to whom I did not refer in the February 13 order, does not change my previous decision. This additional evidence does not counter now and did not counter then the evidence referred to in the prior order that Vasiliavitchious had an adequate proficiency with the English language that enabled him to understand the *Miranda* warnings when given to him. I credit that evidence, the motion to reconsider is denied.